# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs September 13, 2012

## GLORIA SESAY v. TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE, ET AL.

### Direct Appeal from the Chancery Court for Wilson County
### No. 2011CV415      Charles K. Smith, Chancellor

### No. M2012-00280-COA-R3-CV - Filed December 12, 2012

This appeal arises from the denial of Plaintiff/Appellant's claim for unemployment compensation benefits.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Gloria Sesay, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, and Lindsey O. Appiah, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce.

Mark A. Baugh, Nashville, Tennessee, for the appellee, Direct General Insurance.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff/Appellant Gloria Sesay (Ms. Sesay) was employed by Defendant Direct General Insurance ("Direct General") beginning September 2004. She was discharged on April 20, 2010. On April 21, Ms. Sesay filed a claim for unemployment compensation benefits. The Tennessee Employment Security Division ("the Agency") initially determined that Ms. Sesay "was forced to leave" her employment position because of non-work related health reasons, and that she was not eligible for unemployment compensation benefits under Tennessee Code Annotated § 50-7-303. Ms. Sesay appealed the Agency's decision to the Appeals Tribunal. Following a telephone hearing on June 30, 2010, the Appeals Tribunal affirmed the Agency's determination that she was not eligible for benefits under Tennessee Code Annotated 57-7-303(a)(1) where she had failed to comply with the statutory provisions. Ms. Sesay filed a petition to reconsider with the Board of Review, which found that both Ms. Sesay and Direct General "[had] held throughout that this was a discharge" situation. The Board of Review granted the petition to reconsider and remanded the matter to the Agency for a decision on the question of discharge.

In February 2011, the Agency determined that Ms. Sesay was discharged by Direct General as a result of "unacceptable attendance." Ms. Sesay appealed to the Appeals Tribunal. Following a hearing in May 2011, at which Ms. Sesay was represented by legal counsel, the Appeals Tribunal determined that Ms. Sesay was terminated from her employment as a result of excessive absenteeism and/or tardiness. By decision dated May 10, 2011, the Appeals Tribunal affirmed the Agency's determination that Ms. Sesay was not eligible for unemployment compensation benefits.

Ms. Sesay appealed the determination of the Appeals Tribunal to the Tennessee Department of Labor and Workforce Development Board of Review ("the Board of Review"). The Board of Review found that Ms. Sesay was discharged for attendance violations and repeated tardiness after several warnings. The Board of Review further determined that, although Ms. Sesay and her attorney argued that Ms. Sesay's absenteeism and tardiness resulted from medical impairments, Ms. Sesay had failed to present any medical documentation or evidence to support her assertions. The Board of Review determined that the file contained no medical certificate or indication that Ms. Sesay's physician had restricted her from working. The Board stated that excessive tardiness is considered work-related misconduct, and that Ms. Sesay had "failed to connect her medical condition with her excessive tardiness."

Ms. Sesay filed a petition for judicial review in the Wilson County Chancery Court on September 6, 2011. The trial court affirmed the determination of the Board of Review by order entered January 4, 2012. Ms. Sesay filed a timely notice of appeal to this Court.

## Issue Presented

The issue presented by this appeal, as we perceive it, is whether there is substantial and material evidence in the record to support the Board of Review's determination that Ms. Sesay was not eligible for unemployment compensation where her employment was terminated due to excessive absenteeism and/or tardiness.

## Discussion

Judicial review of this matter is governed by Tennessee Code Annotated § 50-7-304(i)(2)(2008 & 2012 Supp.) which provides, in pertinent part:

> (2) The chancellor may affirm the decision of the commissioner or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (A) In violation of constitutional or statutory provisions;
> (B) In excess of the statutory authority of the agency;
> (C) Made upon unlawful procedure;
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (E) Unsupported by evidence that is both substantial and material in the light of the entire record.

The section further provides:

> (3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the commissioner's designee as to the weight of the evidence on questions of fact. No decision of the commissioner's designee shall be reversed, remanded or modified by the chancellor, unless for errors that affect the merits of the final decision of the commissioner's designee. The petition for judicial review shall be heard by the chancellor either at term time or vacation as a matter of right, any other statute of this state to the contrary notwithstanding.
> (4) It shall not be necessary in any judicial proceedings under this section to enter exceptions to the ruling of the commissioner's designee, but the petition shall distinctly state the grounds upon which the action of the commissioner's designee is deemed erroneous. An appeal may be taken from the judgment and decree of the chancery court having jurisdiction of these

controversies to the Tennessee court of appeals, in the same manner, but not inconsistent with this chapter, as provided in other civil cases.

Tennessee Code Annotated § 50-7-304(i)(3) & (4). Our standard of review is the same as that of the trial court. *Ridley v. Neeley*, No. E2010–00289–COA–R3–CV, 2010 WL 4272711, at *3 (Tenn. Ct. App. Oct. 28, 2010), *perm. app. denied* (Tenn. Mar. 10, 2011) (citing *Armstrong v. Neel*, 725 S.W.2d 953, 955 n.1 (Tenn. Ct. App.1986)).

In her 2011 petition for review by the chancery court and in her brief to this Court, Ms. Sesay asserts that she is appealing the determination of the Board of Review that she was not eligible for unemployment compensation benefits. In her claim for those benefits, moreover, Ms. Sesay asserted that she was eligible for compensation due to medical reasons. She also asserts, however, that Direct General terminated her employment in retaliation for a telephone call she placed to the employee hotline in April 2010.

We note, as an initial matter, that this appeal does not arise from an action for retaliatory discharge. Rather, the issue before the trial court was whether material and substantial evidence supported the Board of Review's determination that Ms. Sesay was terminated for misconduct - namely, excessive absenteeism and tardiness. Ms. Sesay's prayer in the trial court was for unemployment compensation benefits. Thus, our review is confined to the statutory scope of review stated above.

Upon review of the record, we find that it contains substantial and material evidence to support the Board of Review's determination that Ms. Sesay's employment was terminated for excessive absenteeism and particularly tardiness. The time sheets and performance reviews contained in this record demonstrate that Direct General permitted Ms. Sesay to alter the regular 8:00 A.M. to 5:00 P.M. work schedule to permit her to work from 9:00 A.M. to 6:00 P.M., and that Ms. Sesay was late to work on a recurring basis. It further evidences that Ms. Sesay was advised in her performance reviews that she was expected to arrive at work by 9:00 A.M. and to work until 6:00 P.M. The time sheets contained in the record demonstrate that Ms. Sesay frequently arrived at work after 9:00 AM from the period January 2010 to April 2010. This record contains substantial and material evidence to support the Board of Review's determination.

***Holding***

In light of the foregoing, the judgment of the trial court is affirmed. This matter is remanded to the trial court for the collection of costs. Costs of this appeal are taxed to the Appellant, Gloria Sesay.

_____
DAVID R. FARMER, JUDGE